JUDGE PETERS
delivered the opinion of the court:
The particular ordinance under which the cistern in question was constructed does not specify the distance within which the property shall be charged therefor; yet it expressly provides that it shall be done at the exclusive cost of the owners of property chargeable therefor under the city charter and ordinances.
The demurrer was properly 'sustained to the original petition, because neither it nor the particular ordinance *463 which was made a part thereof contained a statement of the distance within which lots or real estate should be charged with the cost of the cistern. But the amended petition, in which the general ordinance on the subject was pleaded, cured the defect of the original petition, as the distance from the cistern in which property shall be charged is specified in the general ordinance to which reference is made in the particular ordinance which directs this cistern to be built.
In Babbitt vs. Woolley, &c. (3 Bush, 703), this‘court held that the general ordinance sufficiently specified the distance as required by the charter, and gave reasonable notice to the lot-owners who should contribute. But in that case it was held that the court below did not abuse a sound judicial discretion in refusing to set aside the judgment dismissing the petition, which did not allege the existence of the general ordinance, because neither the appellant nor the attorney knew until after the petition was dismissed that such an ordinance existed' — a fact which it was their duty to have known.
Wherefore, the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer to the amended petition, and for further proceedings consistent herewith.